**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **DARYL M. CROWDER, # K-88903,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 15-cv-00170-JPG** |
| | ) | |
| **DENNIS LARSON, SHERRY BENTON,** | ) | |
| **DEBORAH J. ISAACS, S. A. GODINEZ,** | ) | |
| **ZACKARY S. ROECHEMAN,** | ) | |
| **JEREMY C.  MILLER,** | ) | |
| **and DR. V. SHAH,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**GILBERT, District Judge:**

Plaintiff Daryl Crowder, an inmate who is currently incarcerated at Pinckneyville Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for the deprivation of his constitutional rights at Big Muddy River Correctional Center ("Big Muddy") and Pinckneyville Correctional Center ("Pinckneyville").   In the complaint, Plaintiff claims that he suffered permanent injuries from three falls that could have been avoided if officials at Big Muddy and Pinckneyville had issued him a low bunk and lower level permit when he first requested one (Doc. 1, pp. 5-9).  He also claims that Big Muddy officials retaliated against him for pursuing legal claims in connection with these injuries, by issuing him a false disciplinary ticket for fighting and transferring him to Pinckneyville.  Plaintiff now sues four Big Muddy officials,[1] two Illinois Department of Corrections ("IDOC") officials,[2] and one

---

[1]  These defendants include Zackary Roecheman (warden), Dennis Larson (doctor), Deborah Isaacs (nurse), and Jeremy Miller (corrections officer).
[2]  The defendants include S.A. Godinez (director) and Sherry Benton (administrative review board official).

Pinckneyville official[3] for violating his rights under the First, Eighth, and Fourteenth Amendments and Illinois law.  He seeks monetary damages and a prison transfer (Doc. 1, p. 10).

## Merits Review Under 28 U.S.C. § 1915A

This case is now before the Court for preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.  Under Section 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims.  28 U.S.C. § 1915A(a).  The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.*  At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth*

---

[3] This defendant includes V. Shah (doctor).

*Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).  The complaint survives preliminary review under this standard.

## The Complaint

In April 2013, Plaintiff asked Doctor Larson, a physician at Big Muddy, to issue him a permit for a low bunk and for placement on the prison's lower level (Doc. 1, p. 5).  At the time, Plaintiff was fifty-one years old and a heart attack survivor.  He was also taking medication that caused dizziness and muscle spasms.  Doctor Larson did not issue the permit.

As a result, Plaintiff suffered three serious falls.  The first two occurred on April 9th and 13th, 2013.  Plaintiff fell from his upper bunk.  He allegedly experienced "severe and extreme pain and aggravation of a[n] injury that happen[ed two] years prior" (Doc. 1, pp. 5-6).  Then, on November 26, 2013, Plaintiff fell down six stairs, injuring his back and neck.  He underwent "several painful and life threatening surgical procedures" (Doc. 1, pp. 6-7).

Plaintiff claims that these falls, and the resulting injuries, could have been avoided if the permit was issued when he originally requested it.  However, it was only after sustaining permanent injuries from these falls that Doctor Larson and Nurse Isaac agreed to issue Plaintiff a low bunk and lower level permit, along with crutches and a wheelchair (Doc. 1, p. 7).

Several IDOC officials, including Salvador Godinez, learned of Plaintiff's efforts to retain legal counsel and pursue claims against them for these injuries.  In concert with Sherry Benton, he denied Plaintiff proper medical care in a therapeutic environment (Doc. 1, p. 7).  In retaliation, Plaintiff was allegedly forced to share a cell with an aggressive inmate who attempted to fight him.  Plaintiff was issued a false disciplinary ticket for fighting by Officer Miller (Doc. 1, p. 8).  He claims that he was only defending himself.  Following an

allegedly unfair disciplinary hearing, Plaintiff was transferred to Pinckneyville.  Big Muddy's warden, Zachary Roecheman, authorized the transfer.

Plaintiff's low bunk and lower level permit did not follow him.  Doctor Shah, a Pinckneyville physician, refused to re-issue the permit.  Plaintiff went on a hunger strike for four days, from November 24-28, 2014, and received the permit thereafter.

Plaintiff now sues Defendants Larson, Isaacs, Benton, Godinez, Roecheman, Miller and Shah for violating his rights under the First, Eighth, and Fourteenth Amendments and Illinois law (Doc. 1, p. 9).  He seeks monetary damages and a prison transfer (Doc. 1, p. 10).

<u>**Discussion**</u>

The Court finds it convenient to divide the complaint into five counts.  The organization of these claims into five counts should not be construed as an opinion regarding the merits of any particular claim.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

**Count 1:**     **Defendants exhibited deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment when they denied his request for a low bunk and lower level permit;**

**Count 2:**     **Defendants violated Plaintiff's right to equal protection of the law under the Fourteenth Amendment by denying his request for a low bunk permit when prison policy called for the issuance of such permits to prisoners fitting his profile;**

**Count 3:**     **Defendants retaliated against Plaintiff for seeking legal representation in violation of the First Amendment by placing him in a cell with an aggressive cellmate, issuing him a false disciplinary ticket, and transferring him to another prison;**

**Count 4:**     **Defendants violated Plaintiff's right to due process of law under the Fourteenth Amendment by issuing him a false disciplinary ticket, holding an unfair hearing, and punishing him with a prison transfer;**

**Count 5:       Defendants violated Illinois law.**

Plaintiff shall be allowed to proceed with **Counts 1** and **2** against **Defendants Larson** and **Isaacs**.  However, all other claims against all other defendants shall be dismissed for the reasons discussed herein.

## Count 1 – Medical Needs Claim

The complaint articulates a viable deliberate indifference to medical needs claim (**Count 1**) against Defendants Larson and Isaacs, but no other defendants. The Eighth Amendment to the United States Constitution protects prisoners from cruel and unusual punishment.  *See Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010).  The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*).  To state a claim, a prisoner must show that the: (1) medical condition was objectively serious; and (2) state officials acted with deliberate indifference to the prisoner's health or safety, which is a subjective standard. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001).

The Seventh Circuit has held that a medical need is "serious" where it has either "been diagnosed by a physician as mandating treatment" or where the need is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997).  Deliberate indifference is established when prison officials "know of and disregard an excessive risk to inmate health" by being "'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists'" and "'draw[ing] the

inference.'"  *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Farmer*, 511 U.S. at 834).

The complaint does not suggest that anyone, other than Defendants Larson and Isaacs, displayed deliberate indifference to Plaintiff's need for a low bunk permit.  Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation."  *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).  As a result, the doctrine of *respondeat superior* does not apply to actions filed under Section 1983.  *See, e.g., Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008).  Although the doctrine of *respondeat superior* is not applicable to Section 1983 actions; "[s]upervisory liability will be found . . . if the supervisor, with knowledge of the subordinate's conduct, approves of the conduct and the basis for it."  *Lanigan v. Village of East Hazel Crest, Ill.*, 110 F.3d 467, 477 (7th Cir. 1997); *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001).  The complaint includes no allegations suggesting that Defendants Godinez, Roecheman, Benton,[4] or Miller were involved in the decision to deny Plaintiff's low bunk and lower level permit.

The allegations against Defendant Shah are insufficient to establish a claim against him.  Although this defendant initially denied Plaintiff's request for a low bunk permit, he later issued one.  The complaint does not indicate how much time passed, or the circumstances giving rise to the initial denial of the permit request.  Without more, the deliberate indifference to medical needs claim against Defendant Shah fails.

---

[4] The allegations against Defendants Benton and Godinez for acting in concert to deprive Plaintiff of medical care constitute conclusory assertions that are unsupported by any other allegations against them in the complaint.  As such, they fall short of stating a claim against Plaintiff.

In summary, Plaintiff shall be allowed to proceed with **Count 1** against Defendants Larson and Isaacs.   However, this claim shall be dismissed without prejudice against all remaining defendants.

**Count 2 – Class-of-One Equal Protection**

Plaintiff shall be allowed to proceed with a class-of-one equal protection claim (**Count 2**) against Defendants Larson and Isaacs at this early stage.   The Fourteenth Amendment Equal Protection Clause protects individuals from governmental discrimination.   *Swanson v. Chetek*, 719 F.3d 780, 783 (7th Cir. 2013).   Typically, an equal protection claim involves discrimination by race, national origin or sex.   However, "the Clause also prohibits the singling out of a person for different treatment for no rational reason."   *Id.*   To state a class-of-one equal protection claim, an individual "must allege that he was 'intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'"   *Id.* (quoting *Vill. of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000)).   Plaintiff's claim that Defendants Larson and Isaacs failed to issue him a permit pursuant to the policy authorizing a low bunk and lower level permit for individuals fitting his profile cannot be dismissed at this early stage, where the complaint alleges that this decision was based on animus.   However, no allegations suggest that any other defendants were personally involved in making this decision to discriminate against Plaintiff, or in creating the policy.   Therefore, **Count 2** shall proceed against Defendants Larson and Isaacs, and it shall be dismissed without prejudice against Defendants Godinez, Roecheman, Benton, Miller, and Shah.

**Count 3 – Retaliation**

The complaint fails to state a retaliation claim (**Count 3**) against any defendants. According to the allegations, Defendants responded to news of Plaintiff's pursuit of legal claims

against them by placing an aggressive inmate in his cell, issuing Plaintiff a false disciplinary ticket, and ultimately transferring him to another prison. However, the complaint draws no connection between any particular defendant's knowledge of the legal claims and their participation in retaliatory conduct.

The Seventh Circuit has explained retaliation claims in this context as follows:

> [N]ot every claim of retaliation by a disciplined prisoner, who either has had contact with, or has filed a lawsuit against prison officials, will state a cause of action for retaliatory treatment. Rather, the prisoner must allege a chronology of events from which retaliation may plausibly be inferred. *Murphy v. Lane*, 833 F.2d 106, 108-09 (7th Cir. 1987) (holding that the plaintiff's complaint "set forth a chronology of events from which retaliatory animus on the part of defendants could arguably be inferred" sufficient to overcome a motion to dismiss). *See also Benson v. Cady*, 761 F.2d 335, 342 (7th Cir. 1985) (noting that "alleging merely the ultimate fact of retaliation is insufficient"). Barring such a chronology, dismissal may be appropriate in cases alleging retaliatory discipline.

*See Cain v. Lane*, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988). The chronology of events set forth in the complaint is not clear. For example, the allegations do not indicate when prison officials learned of the lawsuit and when the acts of retaliation occurred. It is therefore not clear whether these events are, in any way, connected, retaliatory, or merely coincidental.

Further, the complaint does not include sufficient allegations to suggest that any particular defendant had knowledge of the lawsuit and also personally participated in retaliatory acts directed toward Plaintiff. *See Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted) ("[T]o be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation.").

Under the circumstances, **Count 3** must be dismissed against all defendants, and this dismissal shall be without prejudice.

**Count 4 – Procedural Due Process**

The complaint also fails to state a procedural due process claim (**Count 4**) against defendants based on the alleged issuance of a false disciplinary ticket, unfair disciplinary hearing, and prison transfer.  "[D]ue process safeguards associated with prison disciplinary proceedings are sufficient to guard against potential abuses[, and a] hearing before a presumably impartial Adjustment Committee terminates an officer's possible liability for the filing of an allegedly false disciplinary report."  *Hadley v. Peters*, 841 F. Supp. 850, 856 (C.D. Ill. 1994), aff'd, 70 F.3d 117 (7th Cir. 1995) (citations omitted).  An inmate facing disciplinary charges must be given: (1) advance written notice of the charges against him; (2) the opportunity to appear before an impartial hearing body to contest the charges; (3) the opportunity to call witnesses and present documentary evidence in his defense (if prison safety allows and subject to the discretion of correctional officers); and (4) a written statement summarizing the reasons for the discipline imposed. *See Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974); *Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir. 1988).  In addition, the decision of the adjustment committee must be supported by "some evidence."  *Black v. Lane*, 22 F.3d 1395 (7th Cir. 1994).  In other words, courts must determine whether the decision of the hearing board has some factual basis. *Webb v. Anderson*, 224 F.3d 649 (7th Cir. 2000).  Even a meager amount of supporting evidence is sufficient.  *Scruggs v. Jordan*, 485 F.3d 934, 941 (7th Cir. 2007).

The complaint alleges that Plaintiff's disciplinary hearing was *not* impartial. However, no factual allegations are offered in support of this bald assertion.  Without factual support, no claim is stated because the allegations fail to satisfy the pleading standards set forth in *Twombly*.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In addition, no due process claim arises from Plaintiff's transfer to another prison. For the due process clause to be applicable in this situation, there must be a protected liberty interest that is being infringed upon.   *Meachum v. Fano*, 427 U.S 215, 223-24 (1976). However, not every action that carries with it negative consequences creates a liberty interest for inmates.  *Moody v. Daggett*, 429 U.S. 78, 86-88 (1976).  The Seventh Circuit has stated, relying on *Montanye v. Haymes*, 427 U.S. 236 (1976), that inmates do not possess a liberty or property interest in their prison classifications.  *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992).  No such claim is supported in Plaintiff's case.

Based on the foregoing discussion, **Count 4** shall also be dismissed without prejudice against all of the defendants.

## Count 5 – Illinois State Claims

No claim is stated in the complaint under Illinois law.  The complaint merely alludes to such claims, without defining what the claims are or who they are against.  The complaint fails to satisfy basic pleading standards under *Twombly* and Federal Rule of Civil Procedure 8. Accordingly, **Count 5** shall be dismissed without prejudice against all of the defendants.

### Disposition

IT IS HEREBY ORDERED that **COUNTS 3, 4,** and **5** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

IT IS ALSO ORDERED that Defendants **BENTON, GODINEZ, ROECHEMAN, MILLER**, and **SHAH** are **DISMISSED** without prejudice from this action.

IT IS HEREBY ORDERED that as to **COUNTS 1** and **2**, the Clerk of Court shall prepare for Defendants **LARSON** and **ISAACS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is

**DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a **United States Magistrate Judge** for further pre-trial proceedings.  Further, this entire matter shall be **REFERRED** to a **United States Magistrate Judge** for disposition, pursuant to Local Rule

72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of the fact that his application to proceed *in forma pauperis* has been granted.   *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  March 17, 2015**

*s/J. Phil Gilbert*
**U.S. District Judge**